CITY of MULBERRY *v.* Amond EDWARDS et ux

74-33                                    510 S.W. 2d 286

Opinion delivered June 17, 1974

*Jeta Taylor* (deceased) and *Ralph W. Robinson,* for appellant.

*N. D. Edwards* and *Lonnie Batchelor,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellant attacks a jury verdict awarding appellees $13,000 as just compensation for the taking of 42.3 acres of land out of a tract of 140 acres, for creation of a lake for the water supply of Mulberry, as excessive and without substantial evidentiary support. We affirm.

Robert Gelly, who had lived in Crawford County all of his 58 years, had been a real estate broker and appraiser for 18 years. His qualifications as an expert on real estate values were enumerated. No objection was made to his qualification as an expert. He appraised the Edwards property, after having made a study of land values in the area. He valued the entire Edwards tract at $45,500 on the date of taking, and at $29,460 after the taking. He did not consider improvements in his evaluation, because he did not feel that they were affected by the taking in any way. No objection was offered to his stating his opinion as to these values.

Appellant first says that Gelly's testimony was not substantial because he did not refer to a comparable sale. Having qualified as an expert, he was not required to do so on direct examination. *Arkansas State Highway Commission* v. *Southern Development Corporation,* 250 Ark. 1016, 469 S.W. 2d 102. The burden of showing that he had no reasonable basis for his opinion rested upon appellant. *Arkansas Louisiana Gas Co.* v. *McGaughey Bros., Inc.,* 250 Ark. 1083, 468 S.W. 2d 754. Obviously, he was not asked on cross-examination about comparable sales, so his testimony cannot be said to lack substantiality on this account. *Arkansas Louisiana Gas Co.* v. *McGaughey Bros., Inc.,* supra.

Appellant's whole argument as to this witness rests almost entirely upon the misconception that somehow the burden rested upon appellees, after qualifying the witness as

an expert, to show that he had a fair and reasonable basis for his opinion, apparently by having him describe what he took to be comparable sales. Appellant also contends, however, that this witness placed a value of $350 per acre on the Edwards land on the basis of the sale of an adjoining tract at $62.50 per acre. But appellant's premise is unfounded. Gelly was asked about this sale only on cross-examination. He said he did not consider this to be a comparable sale. Mac Bolding, another expert witness called by appellees, when asked about the sale, said that "somebody stole that man's land" because of ignorance about values, or that the land was given away. Strangely enough, appellant's expert considered this sale comparable, but stated that it did not have the supporting characteristics that he liked, that the purchaser seemed reluctant to talk about its value and that he was uncertain whether the road providing access to the property was public or private. Consequently, he did not rely on this sale as much as he did others indicating higher values.

While there were other witnesses whose testimony tended to support the verdict, the testimony of Gelly was not shown to be insubstantial. Since the difference in value before and after the taking was $16,040, according to his testimony, we cannot say the verdict was excessive. The judgment is affirmed.